*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 23, 2024

Plaintiff-Appellee,

v

No. 363326
Kent Circuit Court
LC No. 21-000910-FC

SAMMY THOMPSON,

Defendant-Appellant.

Before: YATES, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of (1) three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a); MCL 750.520b(2)(b) (victim less than 13 years of age and defendant 17 years of age or older); (2) one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (victim less than 13 years of age and defendant 17 years of age or older); and (3) one count of CSC-II, MCL 750.520c(1)(b) (victim between the ages of 13 and 16 who is related to defendant). The trial court sentenced defendant to serve concurrent sentences of 25 to 100 years in prison for the three CSC-I convictions, and 10 to 15 years in prison for the two CSC-II convictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's sexual abuse of his granddaughter. On appeal, defendant only challenges the mandatory minimum sentences imposed for his CSC-I convictions, arguing that MCL 750.520b(2)(b) violates the United States Constitution's prohibition of cruel and unusual punishment, US Const, Am VIII, and the Michigan Constitution's prohibition of cruel or unusual punishment, Const 1963, art 1, § 16. A detailed recitation of the facts of defendant's case is therefore not necessary to resolve the issue of law presented on appeal.

## II. STANDARD OF REVIEW

This Court generally reviews de novo issues of constitutional law. See *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). In this case, however, defendant did not challenge the constitutionality of his sentences before the trial court; the issue is therefore unpreserved. See

*People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (2021) ("To preserve a claim that the defendant's sentences were unconstitutionally cruel or unusual, the defendant must raise the claim in the trial court."). We review unpreserved constitutional issues for plain error affecting substantial rights. *Id.* at 635.

## III. ANALYSIS

Defendant argues that the 25-year mandatory minimum sentence for certain CSC-I convictions mandated by MCL 750.520b(2)(b) is unconstitutional. We disagree. "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *Benton*, 294 Mich at 191.

The Michigan Constitution prohibits cruel *or* unusual punishment, Const 1963, art 1, § 16, whereas the United States Constitution prohibits cruel *and* unusual punishment, US Const, Am VIII. *People v Lymon*, 342 Mich App 46, 81; 993 NW2d 24 (2022). Therefore, "[i]f a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Benton*, 294 Mich App at 204 (quotation marks and citation omitted).

In this case, defendant acknowledges that this Court addressed and rejected his arguments in *Benton*, which we are bound to follow, see MCR 7.215(J)(1). Moreover, defendant has not presented this Court with any reason to declare a conflict with *Benton*, see MCR 7.215(J)(2), or even requested that we declare such a conflict; rather, defendant merely argues that it is "time to revisit" the constitutionality of MCL 750.520b(2)(b). As defendant acknowledges, the relief defendant seeks is, at present, available only from the Michigan Supreme Court or the United States Supreme Court. We accordingly affirm defendant's convictions and sentences.

Affirmed.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra